**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL E. JACKSON, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-928-D** |
| | ) | |
| **SCOTT TINSLEY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Michael E. Jackson, Jr., an Oklahoma state prisoner appearing pro se, brings this action under 28 U.S.C. § 2254 seeking habeas corpus relief from his state court convictions and sentences. *See* Doc. 1.[1] United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The Court ordered a response to the petition, and Respondent filed a motion to dismiss the petition as untimely. Docs. 11, 17, 18. Petitioner responded to the motion to dismiss, Doc. 19, so the matter is at issue. The undersigned recommends the Court grant Respondent's motion and dismiss the petition as untimely. *See* 28 U.S.C. § 2244(d)(1).

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Background.

Petitioner seeks federal habeas corpus relief from his convictions and sentences in two cases from the Stephens County, Oklahoma District Court. Doc. 18, Exs. 1, 2; *see generally* Doc. 1. In Case No. CF-2021-44, a jury convicted Petitioner of feloniously pointing a firearm after former conviction of two or more felonies (Count 1), felon in possession of a firearm after former conviction of a felony (Count 2), and misdemeanor concealing stolen property (Count 3). Doc. 18, Ex. 1. The state district court sentenced Petitioner to thirty-five years' imprisonment on Count 1, thirty years on Count 2, and one year in jail on Count 3. *Id.* In Case No. CF-2021-55, the same jury convicted Petitioner of attempting to commit subornation of perjury after former conviction of two or more felonies. Doc. 18, Ex. 2.[2] The state district court sentenced Petitioner to fifteen years' imprisonment on that conviction. *Id.* The court ordered all terms to run consecutively. Doc. 18, Ex. 2.

Petitioner, through counsel, appealed to the Oklahoma Court of Criminal Appeals (OCCA). Doc. 18, Exs. 3, 4. During the pendency of his direct appeal, Petitioner filed a pro se motion for new trial based on newly discovered evidence. *Id.* Ex. 6. The state district court denied it on September 20, 2023. *Id.* Ex. 7. Also while his direct appeal was pending, Petitioner filed a pro se

---

[2] The state district court combined the cases for trial. *See* Doc. 18, Ex. 3, at 9.

motion for forensic DNA testing. *Id.* Ex. 8. The state district court denied the motion on February 5, 2024. *Id.* Ex. 9. Petitioner appealed this denial to the OCCA. *Id.* Ex. 10. The OCCA declined jurisdiction, citing Petitioner's pending direct appeal where he was represented by counsel. *Id.* Ex. 11. On June 6, 2024, the OCCA issued its summary opinion affirming the judgments and sentences in Case Nos. CF-2021-44 and CF-2021-55. *Id.* Ex. 12.

Petitioner filed a post-conviction application in the state district court on June 2, 2025. *Id.* Ex. 13. The state district court initially denied it in a summary order issued on June 12, 2025, and denied it again in an order issued September 24, 2025. *Id.* Exs. 15, 18. Petitioner appealed to the OCCA and that court issued an order affirming the denial of post-conviction relief on October 17, 2025. *Id.* Exs. 19, 20.

Petitioner placed his habeas petition in the prison mail on April 20, 2026. Doc. 1, at 25. In nine grounds for relief, he re-asserts the claims his counsel raised in his direct appeal (Grounds 1-5), and four claims he states he raised in his post-conviction proceedings including ineffective assistance of trial counsel, denial of bail, abuse of discretion by state district judges, and ineffective assistance of appellate counsel (Grounds 6-9). *Id.* at 6-21.

## II. Analysis.

Respondent moves to dismiss the petition as untimely. Docs. 17, 18. Petitioner responds to the motion by arguing his untimeliness should be excused because he is actually innocent of possessing firearms and the Court should consider his convictions void due to a lack of due process. Doc. 19.

### A. Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA established a one-year limitation period during which an inmate in state custody can file a federal habeas petition challenging a state conviction: "A [one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

It also includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § (d)(2). To meet the "properly filed" requirement, an inmate must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements).

A petition filed outside the statute of limitations, accounting for statutory tolling, will be considered timely filed only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998))).

**B. Petitioner's deadline to file for habeas corpus relief.**

Unless a petitioner shows otherwise, the limitations period typically runs from the date the judgment becomes "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012). Petitioner's conviction and sentence became final on September 4, 2024, ninety days after the OCCA affirmed them.

The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011); *see also United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" in which "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (quoting Fed. R. Civ. P. 6(a))). So Petitioner's one-year limitation period began on September 5, 2024, and, absent tolling, expired one year later, on September 5, 2025.

**C. Availability and effect of tolling on the limitations period.**

**1. Statutory tolling.**

The AEDPA allows for tolling of the limitation period while a properly filed state post-conviction action is pending before the state courts. *See* 28

U.S.C. § 2244(d)(2). An application for post-conviction relief in state court "'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures,'" that is, when the "State's highest court has issued its mandate or denied review." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). But only state post-conviction actions filed within the one year allowed by AEDPA will toll the statute of limitations. *See Davis v. Bridges*, 2024 WL 140026, at *4 (10th Cir. 2024) ("[O]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." (quoting *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)).

Petitioner tolled the limitations period when he filed a post-conviction application on June 2, 2025, with 95 days remaining in the year. 28 U.S.C. § 2244(d)(2). The period was tolled until the OCCA issued its opinion affirming the denial of post-conviction relief on October 17, 2025. The clock started again on October 18, 2025, and expired 95 days later on January 21, 2026. Petitioner did not file his habeas corpus petition until April 20, 2026, when he placed it in the prison mail for filing. Doc. 1. So he filed it after his statute of limitations had expired.

**2. Equitable tolling.**

Petitioner filed his habeas corpus petition after the expiration of the limitations period. So unless equitable tolling applies to save it, the petition is untimely and the Court must dismiss it.

"[A habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (quoting *Davis*, 158 F.3d at 811). Petitioner must "demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And it is his burden to prove that equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner asserts he diligently pursued his rights by filing several motions his appellate counsel would not file for him during his direct appeal. Doc. 19, at 12. But these filings occurred before the limitations period started, so they do not demonstrate diligence here. And Petitioner does not explain why he waited until his one-year limitations period had almost expired before

seeking post-conviction relief. He also does not specify any external circumstance that stood in the way of him diligently pursuing his rights during that period or the period after the OCCA denied his post-conviction application. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). So the Court should conclude Petitioner has not carried his burden and decline to apply equitable tolling to the limitations period.

**3. Actual innocence exception.**

Petitioner's statute of limitations has expired and he is not entitled to equitable tolling. As a result, Petitioner's only remaining path around the § 2244(d) deadline would be "a 'credible showing of actual innocence.'" *Doe v. Jones,* 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Ultimately, Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). "'[T]enable actual-innocence gateway pleas are rare,'

arising only 'in an extraordinary case.'" *Id.* (quoting *McQuiggin*, 569 U.S. at 401, and then quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner alleges actual innocence, but he presents no *new* evidence to support his claim. Instead, he reiterates the sufficiency-of-the-evidence argument he raised in his direct appeal that the OCCA rejected. *See* Doc. 19, at 2-8; *see also* Doc. 18, Ex. 12. But "*Schlup* bars this tactic." *Wonsch v. Crow*, No. 22-6040, 2022 WL 16646808, at *3 (10th Cir. Nov. 3, 2022) (agreeing with district court that arguing insufficient evidence does not "tend[] to show actual innocence" but only "legal innocence"), *vacated on other grounds by Wonsch v. Crow*, 2022 WL 17403076, at *1 (10th Cir. Nov. 30 2022).

Petitioner asserts that the person who rented the motel room, Jamie Brown, has stated in an affidavit that she would have testified at trial that she never saw Petitioner possess or point a firearm. Doc. 19, at 7-8.[3] But, as the state district court observed, Petitioner "admits that such evidence was known to [him] prior to jury trial." Doc. 18, Ex. 7.[4] Newly presented evidence does not

---

[3] There is no affidavit from Ms. Brown for the Court to consider. Petitioner did not attach it to his petition, Doc. 1, and it was not part of his motion for new trial filed in state court. Doc. 18, Ex. 6. Asking the Court to "take his word for it" "does not meet the demanding actual innocence standard." *Creller v. Crow*, No. 22-6062, 2022 WL 16964948, at *4 (10th Cir. Nov. 16, 2022).

[4] It also appears Petitioner's counsel was aware of and evaluated Ms. Brown's potential testimony and made the "final decision" not to call her as a witness at trial. Doc. 18, Ex. 13, at 58.

equate to newly discovered evidence.[5] *Cf. Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) ("[W]hile it is possible that Klein did not understand the legal significance of all these facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts." (citing *Preston*, 234 F.3d at 1120)).

Petitioner presents no new, "reliable" evidence that satisfies the stringent standard required to show actual innocence. *Creller,* 2022 WL 16964948, at *3 (noting that actual innocence under 2244 "is a demanding standard"). So the Court should find no grounds for bypassing the application of the statute of limitations to this case.

## III. Recommendation and notice of right to object.

The undersigned recommends the Court dismiss Petitioner's habeas corpus petition as untimely. The undersigned also recommends the Court deny Petitioner's motion to appoint counsel as moot. Doc. 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before**

---

[5] Petitioner also asserts his counsel's ineffectiveness and a lack of due process during trial should void his convictions. *See* Doc. 19, at 14-20. But these arguments, which rely on "constitutional errors that allegedly occurred during his trial" rather than "any new evidence proving he is actually innocent," cannot meet the demanding actual innocence standard. *Creller*, 2022 WL 16964948, at *4.

**September 15, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE