# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL E. JACKSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-928-D |
| | ) | |
| SCOTT TINSLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Michael E. Jackson, Jr. brought this action under 28 U.S.C. § 2254 [Doc. No. 1], challenging his state-court convictions and sentences in Stephens County District Court Case Nos. CF-2021-44 and CF-2021-55. In those cases, Petitioner was convicted of feloniously pointing a firearm after former conviction of two or more felonies (CF-2021-44, Count 1), felon in possession of a firearm after former conviction of a felony (Count 2), misdemeanor concealing stolen property (Count 3), and attempted subornation of perjury after former conviction of two or more felonies (CF-2021-55, Count 1).

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5]. Respondent filed a Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely [Doc. No. 17], to which Petitioner responded [Doc. No. 19].

On August 25, 2026, Judge Mitchell issued a Report and Recommendation [Doc. No. 20], in which she recommended that Petitioner's § 2254 petition be dismissed with prejudice as time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA)

one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner filed a timely Objection [Doc. No. 21]. Thus, the Court must make a *de novo* determination of the portions of the report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

## I. AEDPA Limitations Period

Unless a petitioner demonstrates otherwise, the AEDPA limitations period to file a § 2254 petition generally runs from the date the state judgment becomes "final," as set forth in § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). As explained in Judge Mitchell's report, and pursuant to § 2244(d)(1)(A), Petitioner's one-year limitations period began to run on September 5, 2024, the day after his two state-court convictions and sentences became final on September 4, 2024.[1] [Doc. No. 20, at 6]. Absent tolling, Petitioner's one-year deadline to file his § 2254 petition expired on September 5, 2025. *Id.*

In his Objection [Doc. No. 21], Petitioner does not object to Judge Mitchell's determination that § 2244(d)(1)(A) controls Petitioner's filing deadline and that, absent tolling, the one-year period expired on September 5, 2025.

## II. Statutory Tolling

The magistrate judge further determined that, even with statutory tolling, Petitioner's § 2254 petition is untimely. Under § 2244(d)(2), "[t]he time during which a

[1] As further explained in the report, Petitioner's state-court convictions and sentences became final on September 4, 2024, 90 days after the Oklahoma Court of Criminal Appeals affirmed them. *Id.*

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Here, Petitioner tolled the one-year limitations period when he filed a post-conviction application on June 2, 2025, with 95 days of the limitations period remaining. [Doc. No. 20, at 7]. When the OCCA affirmed the denial of post-conviction relief on October 17, 2025, Petitioner had 95 days remaining to file his § 2254 petition, which expired on January 21, 2026. *Id.* As Judge Mitchell explained in her report, Petitioner did not file the present petition until April 20, 2026, when he placed it in the prison mail for filing.

In his Objection, Petitioner does not address statutory tolling. Upon review, the Court agrees with Judge Mitchell that—even with statutory tolling—Petitioner's petition is untimely.

**III. Equitable Tolling**

Next, the magistrate judge concluded that Petitioner was not entitled to equitable tolling, which is appropriate only where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation omitted). Although Petitioner asserted that he diligently pursued his rights by filing several motions his appellate counsel would not file for him during his direct appeal, Judge Mitchell noted in her report that those filings were filed before the limitations period began to run.

In his Objection, Petitioner does not address equitable tolling, waiving review of the issue. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Nonetheless, the Court agrees with Judge Mitchell that Petitioner has not shown that he is entitled to equitable tolling for the reasons stated in Judge Mitchell's report.

**IV. Actual Innocence**

Finally, Judge Mitchell determined that Petitioner had not made a credible showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013) (holding a credible actual-innocence claim "serves as a gateway through which a petitioner may pass" even if the AEDPA's statute of limitations has expired). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

In his Objection, Petitioner re-urges his arguments before the magistrate judge that there was insufficient evidence to convict him. Petitioner also reiterates that he has obtained "new evidence" in the form of an affidavit from Jamie Brown, in which Ms. Brown stated

that she did not see Petitioner possess or point a firearm. However, upon *de novo* review, the Court finds that Petitioner has not supplied new evidence to make a credible showing of actual innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) ("To prevail, [the petitioner] must identify evidence that affirmatively demonstrates his innocence. A criminal defendant is required to provide evidence that does more than simply 'undermine the finding of guilt against' him or her.") (internal quotations and citations omitted). As noted by Judge Mitchell, Petitioner knew of Ms. Brown's expected testimony prior to trial, and "[i]t also appears Petitioner's counsel was aware of and evaluated Ms. Brown's potential testimony and made the 'final decision' not to call her as a witness at trial." [Doc. No. 20, at 10]. Further, although Petitioner admits in his Objection that he has had Ms. Brown's affidavit in his possession since at least November 9, 2023 [Doc. No. 21, at 3], he fails to explain any basis for waiting to file his habeas petition until April 20, 2026. For these reasons, the Court agrees with Judge Mitchell that Petitioner has not made a credible claim of actual innocence.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 20] is **ADOPTED** in its entirety. Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely [Doc. No. 17] is **GRANTED**. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED WITH PREJUDICE**. Petitioner's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** as **MOOT**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when

it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 10th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE